**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x
**DANIEL GUNCAY,**

                                        **Plaintiff,**

        **- against -**

                                                        **COMPLAINT**

**TOLL BROS., INC., TOLL LAND VI LIMITED**
**PARTNERSHIP, and TOLL BROTHERS, INC.,**        **Plaintiff demands**
                                                **a jury trial**

                                **Defendants.**
-------------------------------------------------------------------------x

        The plaintiff, DANIEL GUNCAY, by his attorneys Tully Law Office, P.C., as and for his

Complaint, states:

## PARTIES

1.      That, at all times hereinafter mentioned, the plaintiff DANIEL GUNCAY was and

        still is a resident of the Village of Ossining, County of Westchester, State of New

        York.

2.      That, upon information and belief, at all times hereinafter mentioned and for some

        time prior thereto, the defendant TOLL BROS., INC. was and still is a corporation

        incorporated in and duly organized and existing pursuant to the laws of the State of

        Pennsylvania.

3.      That, upon information and belief, at all times hereinafter mentioned and for some

        time prior thereto, the defendant TOLL BROS., INC. was and still is a corporation

        authorized to do business in the State of New York.

4.      That, upon information and belief, at all times hereinafter mentioned and for some

        time prior thereto, the defendant TOLL BROS., INC. was and still is a corporation

        doing business in the State of New York.

5.      That, upon information and belief, at all times hereinafter mentioned and for some time prior thereto, the defendant TOLL BROS., INC. had a principal place of business at 250 Gibraltar Road, Horsham, PA 19044.

6.      That, upon information and belief, at all times hereinafter mentioned and for some time prior thereto, the defendant TOLL BROS., INC. was a corporation doing business as "TOLL LAND VI LIMITED PARTNERSHIP."

7.      That, upon information and belief, at all times hereinafter mentioned and for some time prior thereto, the defendant TOLL LAND VI LIMITED PARTNERSHIP was and still is a limited partnership formed under the laws of the State of New York.

8.      That, upon information and belief, at all times hereinafter mentioned and for some time prior thereto, the defendant TOLL LAND VI LIMITED PARTNERSHIP had a principal place of business at 250 Gibraltar Road, Horsham, PA 19044.

9.      That, upon information and belief, at all times hereinafter mentioned and for some time prior thereto, the defendant TOLL LAND VI LIMITED PARTNERSHIP was a subsidiary of defendant TOLL BROS., INC.

10.     That, upon information and belief, at all times hereinafter mentioned and for some time prior thereto, the defendant TOLL LAND VI LIMITED PARTNERSHIP was a subsidiary of defendant TOLL BROTHERS, INC.

11.     That, upon information and belief, at all times hereinafter mentioned, none of the general or limited partners of defendant TOLL LAND VI LIMITED PARTNERSHIP were or are citizens of the State of New York.

12.     That, upon information and belief, at all times hereinafter mentioned and for some time prior thereto, the defendant TOLL BROTHERS., INC. was and still is a

corporation incorporated in and duly organized and existing pursuant to the laws of the State of Delaware.

13. That, upon information and belief, at all times hereinafter mentioned and for some time prior thereto, the defendant TOLL BROTHERS., INC. was and still is a corporation authorized to do business in the State of New York.

14. That, upon information and belief, at all times hereinafter mentioned and for some time prior thereto, the defendant TOLL BROTHERS, INC. was and still is a corporation doing business in the State of New York.

15. That, upon information and belief, at all times hereinafter mentioned and for some time prior thereto, the defendant TOLL BROTHERS, INC. had a principal place of business at 250 Gibraltar Road, Horsham, PA 19044.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a)(1) as the plaintiff and the defendants are citizens of different states and the amount in controversy is in excess of $75,000 exclusive of interest and costs.

17. Venue of this action in the Southern District of New York is proper pursuant to 28 U.S.C. 1391 because a substantial part of the events giving rise to plaintiff's claims occurred in the Southern District of New York.

## FACTUAL ALLEGATIONS

18. That, upon information and belief, at all times hereinafter mentioned and for some time prior thereto, the defendant TOLL BROS., INC. was the owner of property located at 53 East Tilden Place, (Lot 191), in the hamlet of Hopewell Junction, Town

of East Fishkill, County of Dutchess, State of New York, and any and all building, buildings or structures situated thereon.

19.     That, upon information and belief, at all times hereinafter mentioned and for some time prior thereto, the defendant TOLL BROTHERS, INC. was the owner of property located at 53 East Tilden Place, (Lot 191), in the hamlet of Hopewell Junction, Town of East Fishkill, County of Dutchess, State of New York, and any and all building, buildings or structures situated thereon.

20.     That, upon information and belief, at all times hereinafter mentioned and for some time prior thereto, the defendant TOLL LAND VI LIMITED PARTNERSHIP was the owner of property located at 53 East Tilden Place, (Lot 191), in the hamlet of Hopewell Junction, Town of East Fishkill, County of Dutchess, State of New York, and any and all building, buildings or structures situated thereon.

21.     That, upon information and belief, at all times hereinafter mentioned and for some time prior thereto, the defendant TOLL BROS., INC. was engaged for profit in the business of construction and alteration residential buildings and other structures.

22.     That, upon information and belief, at all times hereinafter mentioned and for some time prior thereto, the defendant TOLL BROTHERS, INC. was engaged for profit in the business of construction and alteration residential buildings and other structures.

23.     That, upon information and belief, at all times hereinafter mentioned and for some time prior thereto, the defendant TOLL BROS., INC. held itself out as a general contractor or construction manager having the skill and ability to undertake performance of activities such as erection, construction, repair, altering, cleaning and painting, of residential buildings and other structures.

24.     That, upon information and belief, at all times hereinafter mentioned and for some time prior thereto, the defendant TOLL BROTHERS, INC. held itself out as a general contractor or construction manager having the skill and ability to undertake performance of activities such as erection, construction, repair, altering, cleaning and painting, of residential buildings and other structures.

25.     That, upon information and belief, at some time prior to May 6, 2017, the defendant TOLL BROS., INC. was the applicant for a building permit seeking to build, construct or erect a dwelling upon the property located at 53 East Tilden Place, (Lot 191), in the hamlet of Hopewell Junction, Town of East Fishkill, County of Dutchess, State of New York.

26.     That, upon information and belief, at some time prior to May 6, 2017, the defendant TOLL BROTHERS, INC. was the applicant for a building permit seeking to build, construct or erect a dwelling upon the property located at 53 East Tilden Place, (Lot 191), in the hamlet of Hopewell Junction, Town of East Fishkill, County of Dutchess, State of New York.

27.     That, upon information and belief, at some time prior to May 6, 2017, the defendant TOLL BROS., INC., was the builder, contractor and/or developer of a dwelling to be built, constructed or erected upon the property located at 53 East Tilden Place, (Lot 191), in the hamlet of Hopewell Junction, Town of East Fishkill, County of Dutchess, State of New York.

28.     That, upon information and belief, at some time prior to May 6, 2017, the defendant TOLL BROS., INC., through its agents, servants and/or employees, held itself out as being the builder, contractor and/or developer of a dwelling to be built, constructed or

erected upon the property located at 53 East Tilden Place, (Lot 191), in the hamlet of Hopewell Junction, Town of East Fishkill, County of Dutchess, State of New York.

29.    That, upon information and belief, at some time prior to May 6, 2017, the defendant TOLL BROTHERS, INC., was the builder, contractor and/or developer of a dwelling to be built, constructed or erected upon the property located at 53 East Tilden Place, (Lot 191), in the hamlet of Hopewell Junction, Town of East Fishkill, County of Dutchess, State of New York.

30.    That, upon information and belief, at some time prior to May 6, 2017, the defendant TOLL BROTHERS, INC., through its agents, servants and/or employees, held itself out as being the builder, contractor and/or developer of a dwelling to be built, constructed or erected upon the property located at 53 East Tilden Place, (Lot 191), in the hamlet of Hopewell Junction, Town of East Fishkill, County of Dutchess, State of New York.

31.    That, upon information and belief, at some time prior to May 6, 2017, defendant TOLL BROS. INC., through its agents, servants and/or employees, hired, retained, contracted or otherwise engaged persons or persons to build, construct or erect a dwelling upon the property located at 53 East Tilden Place, (Lot 191), in the hamlet of Hopewell Junction, Town of East Fishkill, County of Dutchess, State of New York.

32.    That, upon information and belief, at some time prior to May 6, 2017, defendant TOLL LAND VI LIMITED PARTNERSHIP, through its agents, servants and/or employees, hired, retained, contracted or otherwise engaged persons or persons to build, construct or erect a dwelling upon the property located at 53 East Tilden Place,

6

(Lot 191), in the hamlet of Hopewell Junction, Town of East Fishkill, County of Dutchess, State of New York.

33.     That, upon information and belief, at some time prior to May 6, 2017, defendant TOLL BROTHERS, INC., through its agents, servants and/or employees, hired, retained, contracted or otherwise engaged persons or persons to build, construct or erect a dwelling upon the property located at 53 East Tilden Place, (Lot 191), in the hamlet of Hopewell Junction, Town of East Fishkill, County of Dutchess, State of New York.

34.     That, upon information and belief, at some time prior to May 6, 2017, defendant TOLL BROS. INC., through its agents, servants and/or employees, hired, retained, contracted, subcontracted or otherwise engaged an entity known as JCR American Builders, Inc. to build, construct or erect a dwelling upon the property located at 53 East Tilden Place, (Lot 191), in the hamlet of Hopewell Junction, Town of East Fishkill, County of Dutchess, State of New York.

35.     That, upon information and belief, at some time prior to May 6, 2017, defendant TOLL LAND VI LIMITED PARTNERSHIP, through its agents, servants and/or employees, hired, retained, contracted, subcontracted or otherwise engaged an entity known as JCR American Builders, Inc. to build, construct or erect a dwelling upon the property located at 53 East Tilden Place, (Lot 191), in the hamlet of Hopewell Junction, Town of East Fishkill, County of Dutchess, State of New York.

36.     That, upon information and belief, at some time prior to May 6, 2017, defendant TOLL BROTHERS, INC., through its agents, servants and/or employees, hired, retained, contracted, subcontracted or otherwise engaged an entity known as JCR

American Builders, Inc. to build, construct or erect a dwelling upon the property located at 53 East Tilden Place, (Lot 191), in the hamlet of Hopewell Junction, Town of East Fishkill, County of Dutchess, State of New York.

37.     That, at all times hereinafter mentioned and for some time prior thereto, the plaintiff was employed by JCR American Builders, Inc., a commercial sub-contractor engaged in the business of providing, for consideration received, construction activities, and maintaining a principal place of business at 97 Glendale Road, in the Village of Ossining, County of Westchester, State of New York.

38.     That, upon information and belief, at some time prior to May 6, 2017, the defendants, jointly and severally, through their agents, servants and/or employees, undertook to build, construct or erect a dwelling within or upon the aforementioned property located at 53 East Tilden Place, (Lot 191), in the hamlet of Hopewell Junction, Town of East Fishkill, County of Dutchess, State of New York.

39.     That, on May 6, 2017, the plaintiff DANIEL GUNCAY, was employed as a construction laborer by JCR American Builders, Inc..

40.     That, on May 6, 2017, upon the aforementioned property, in the course of his employment with JCR American Builders, plaintiff DANIEL GUNCAY was directed and required to work at an elevated height in order to perform on-site construction work, labor and services services in connection with the building, construction or erection of a dwelling.

41.     That, on May 6, 2017, plaintiff DANIEL GUNCAY was caused to fall from an elevated height when the elevated working surface upon which plaintiff was standing

became unsteady, collapsed and otherwise fell, bringing the plaintiff violently down with it.

42.   That the collapse of the elevated working surface as aforesaid was the direct result of it not having been constructed, placed, secured, or operated so as to give the plaintiff proper protection.

43.   That, on May 6, 2017, the plaintiff DANIEL GUNCAY sustained significant and permanent personal injuries as the direct result of the culpable conduct of the defendants, jointly and severally, during the performance of the construction and related activities on the aforementioned dwelling, building or structure, in the defendants' failure to provide adequate safety devices and failure to give the plaintiff proper protection against foreseeable gravity-induced falls  while in the course of his employment.

### AS AND FOR A FIRST CAUSE OF ACTION:
### VIOLATION OF NEW YORK STATE LABOR LAW §240(1)

44.   The plaintiff, DANIEL GUNCAY, repeats and realleges each and every allegation set forth hereinabove in paragraphs 1-43 as if the same were more fully set forth at length herein.

45.   That, on May 6, 2017, upon and within the premises of the aforementioned dwelling, building or structures, the plaintiff DANIEL GUNCAY sustained significant and permanent personal injuries as a result of the defendants' violation of Labor Law, Article 10, §240(1).

46.   That, at all times hereinabove set forth, plaintiff was directed to work and was working on-site within or upon the aforementioned dwelling, buildings or structures, in an area in which the Labor Law §240(1) activities were being performed.

47.     That, at all times hereinabove set forth, the activity in which the plaintiff was engaged at the time of the accident was a covered activity under Labor Law §240(1).

48.     That, at all times hereinabove set forth, the plaintiff DANIEL GUNCAY was a person within that class whom Labor Law §240(1) was intended to protect.

49.     That, at all times hereinabove set forth, the defendant TOLL BROS., INC., as owner, or the entity which held itself out as the owner, of the aforementioned property, dwelling, or building structures, was an entity upon whom the obligations of Labor Law §240(1) were binding and absolutely non-delegable.

50.     That, at all times hereinabove set forth, the defendant TOLL BROS., INC., as builder, general contractor, contractor or developer, was an entity upon whom the obligations of Labor Law §240(1) were binding and absolutely non-delegable.

51.     That, at all times hereinabove set forth, the defendant TOLL LAND VI LIMITED PARTNERSHIP, as owner, or the entity which held itself out as the owner, of the aforementioned property, dwelling or building structures, was an entity upon whom the obligations of Labor Law §240(1) were binding and absolutely non-delegable.

52.     That, at all times hereinabove set forth, the defendant TOLL BROTHERS, INC., as owner, or the entity which held itself out as the owner, of the aforementioned property, dwelling or building structures, was an entity upon whom the obligations of Labor Law §240(1) were binding and absolutely non-delegable.

53.     That, at all times hereinabove set forth, the defendant TOLL BROTHERS, INC., as builder, general contractor, contractor or developer, was an entity upon whom the obligations of Labor Law §240(1) were binding and absolutely non-delegable.

54.    That the defendants, jointly and severally, were culpable in the provision of an inadequate safety device and in the failure to give the plaintiff proper statutory protection while he was employed as a construction worker required to work at an elevated height, in that the elevated working surface provided to the plaintiff and upon which the plaintiff was standing became unsteady, collapsed and otherwise fell, bringing the plaintiff violently down with it, as the direct result of it not having been constructed, placed, secured or operated so as to give the plaintiff proper protection.

55.    As a result of the culpable conduct of the defendants, jointly and severally, as aforesaid, the plaintiff, DANIEL GUNCAY, sustained significant and permanent personal injuries for which he required hospital, surgical and medical care and attention and, upon information and belief, shall in the future require medical care and attention, and that the plaintiff also sustained other attendant economic and non-economic injuries and damages.

56.    That by reason of the foregoing, plaintiff has been damaged in the sum of Four Million ($4,000,000.00) Dollars.

### AS AND FOR A SECOND CAUSE OF ACTION: <u>VIOLATION OF NEW YORK STATE LABOR LAW §241(6)</u>

57.    The plaintiff, DANIEL GUNCAY, repeats and realleges each and every allegation set forth hereinabove in paragraphs 1-56 as if the same were more fully set forth at length herein.

58.    That, on May 6, 2017, upon and within the premises of the aforementioned building, buildings or structures, the plaintiff DANIEL GUNCAY sustained significant and permanent personal injuries as a result of the defendants' violation of Labor Law, Article 10, §241(6).

59. That, at all times hereinabove set forth, plaintiff was directed to work and was working on-site within or upon the aforementioned dwelling, building or structure, in an area in which the building and construction activities were being performed.

60. That, at all times hereinabove set forth, the activity in which the plaintiff was engaged at the time of the accident was a covered activity under Labor Law §241(6).

61. That, at all times hereinabove set forth, the plaintiff DANIEL GUNCAY was a person within that class whom Labor Law §241(6) was intended to protect.

62. That, at all times hereinabove set forth, the defendant TOLL BROS., INC., as owner, or the entity which held itself out as the owner, of the aforementioned building, buildings or building structures, was an entity upon whom the obligations of Labor Law §241(6) were binding and absolutely non-delegable.

63. That, at all times hereinabove set forth, the defendant TOLL BROS., INC., as builder, general contractor, contractor or developer, was an entity upon whom the obligations of Labor Law §241(6) were binding and absolutely non-delegable.

64. That, at all times hereinabove set forth, the defendant TOLL LAND VI LIMITED PARTNERSHIP as owner, or the entity which held itself out as the owner, of the aforementioned building, buildings or building structures, was an entity upon whom the obligations of Labor Law §241(6) were binding and absolutely non-delegable.

65. That, at all times hereinabove set forth, the defendant TOLL BROTHERS, INC., as owner, or the entity which held itself out as the owner, of the aforementioned dwelling, building structures, was an entity upon whom the obligations of Labor Law §241(6) were binding and absolutely non-delegable.

66.   That, at all times hereinabove set forth, the defendant TOLL BROTHERS, INC., as builder, general contractor, contractor or developer, was an entity upon whom the obligations of Labor Law §241(6) were binding and absolutely non-delegable.

67.   That the defendant was culpable in its provision of an inadequate safety device and in its failure to give the plaintiff proper statutory protection while he was employed as a construction worker required to work at an elevated height, in that the elevated working surface  provided to the plaintiff and upon which the plaintiff was standing became unsteady, collapsed and otherwise fell, bringing the plaintiff violently down with it, as the direct result of it not having been constructed, placed, secured or operated so as to give the plaintiff proper protection.

68.   That the defendants, jointly and severally, violated the applicable specific rules (12 NYCRR 23 et seq.) established to carry into effect the non-delegable requirements placed upon a contractor by Labor Law, Article 10, §241(6).

69.   As a result of the culpable conduct of the defendants as aforesaid, the plaintiff, DANIEL GUNCAY, sustained significant and permanent personal injuries for which he required hospital, surgical and medical care and attention and, upon information and belief, shall in the future require medical care and attention, and that the plaintiff also sustained other attendant economic and non-economic injuries and damages.

70.   That by reason of the foregoing, plaintiff has been damaged in the sum of Four Million ($4,000,000.00) Dollars.

**AS AND FOR A THIRD CAUSE OF ACTION:**
**VIOLATION OF NEW YORK STATE LABOR LAW §200**

71.     The plaintiff, DANIEL GUNCAY, repeats and realleges each and every allegation set forth hereinabove in paragraphs 1-70 as if the same were more fully set forth at length herein.

72.     That, on May 6, 2017, upon and within the premises of the aforementioned building, buildings or structures, the plaintiff DANIEL GUNCAY sustained significant and permanent personal injuries as a result of the defendants' violation of Labor Law, Article 10, §200.

73.      That, at all times hereinabove set forth, plaintiff was directed by the defendants, their agents, servants and/or employees as to the method, manner, means and location of his work, and was working on-site within or upon the aforementioned dwelling, building or structures, in an area in which the building and construction activities were being performed.

74.     That, at all times hereinabove set forth, the activity in which the plaintiff was engaged at the time of the accident was a covered activity under Labor Law §200.

75.     That, at all times hereinabove set forth, the plaintiff DANIEL GUNCAY was a person within that class whom Labor Law §200 was intended to protect.

76.     That, at all times hereinabove set forth, the defendant TOLL BROS., INC., as owner, or the entity which held itself out as the owner, of the aforementioned building, buildings or building structures, was an entity upon whom the obligations of Labor Law §200 were binding and absolutely non-delegable.

77.    That, at all times hereinabove set forth, the defendant TOLL BROS., INC., as builder, general contractor, contractor or developer, was an entity upon whom the obligations of Labor Law §200 were binding and absolutely non-delegable.

78.    That, at all times hereinabove set forth, the defendant TOLL LAND VI LIMITED PARTNERSHIP as owner, or the entity which held itself out as the owner, of the aforementioned building, buildings or building structures, was an entity upon whom the obligations of Labor Law §200 were binding and absolutely non-delegable.

79.    That, at all times hereinabove set forth, the defendant TOLL BROTHERS, INC., as owner, or the entity which held itself out as the owner, of the aforementioned dwelling, building structures, was an entity upon whom the obligations of Labor Law §200 were binding and absolutely non-delegable.

80.    That, at all times hereinabove set forth, the defendant TOLL BROTHERS, INC., as builder, general contractor, contractor or developer, was an entity upon whom the obligations of Labor Law §200 were binding and absolutely non-delegable.

81.    That the defendants, jointly and severally, were culpable, in failing to construct, equip, arrange, operate and conduct the area wherein the plaintiff DANIEL GUNCAY was required to work so as to provide the plaintiff with reasonable and adequate protection for his health and safety.

82.    That the defendants, jointly and severally, were culpable in the provision of an inadequate safety device and in the failure to give the plaintiff proper statutory protection while he was employed as a construction laborer required to work at an elevated height, in that the elevated working surface provided to the plaintiff and upon which the plaintiff was standing became unsteady, collapsed and otherwise fell,

15

bringing the plaintiff violently down with it, as the direct result of it  not having been constructed, placed, secured or operated so as to give the plaintiff proper protection.

83.     As a result of the culpable conduct of the defendants as aforesaid, the plaintiff, DANIEL GUNCAY, sustained significant and permanent personal injuries for which he required hospital, surgical and medical care and attention and, upon information and belief, shall in the future require medical care and attention, and that the plaintiff also sustained other attendant economic and non-economic injuries and damages.

84.     That by reason of the foregoing, plaintiff has been damaged in the sum of Four Million ($4,000,000.00) Dollars.


        **WHEREFORE**, the plaintiff DANIEL GUNCAY demands judgment in his favor as against the defendants, TOLL BROS., INC., TOLL LAND VI LIMITED PARTNERSHIP, and TOLL BROTHERS, INC., jointly and severally, upon each cause of action, in the sum of Four Million ($4,000,000.00), together with the costs and disbursements of this action.

                                        Respectfully submitted,

                                        TULLY LAW OFFICE, P.C.

                                        By:_____
                                             TARA A. TULLY
                                        Attorneys for the Plaintiff
                                        Yorktown Commons
                                        1830 Commerce Street
                                        Yorktown Heights, New York 10598
                                        (914) 245-0044